## PIGGLY WIGGLY OPERATORS' WAREHOUSE, INC.

v.

## PIGGLY WIGGLY OPERATORS' WAREHOUSE, INDEPENDENT TRUCK DRIVERS UNION, LOCAL NO. 1.

### Civ. A. No. 770656.

United States District Court, W. D. Louisiana, Shreveport Division.

July 26, 1977.

John E. McFall, Kullman, Lang, Inman & Bee, New Orleans, La., for plaintiff.

L. Edwin Greer, Johnston, Thornton, Greer & Cage, Shreveport, La., for defendant.

## RULING ON MOTIONS

DAWKINS, Senior District Judge.

Piggly Wiggly Operators' Warehouse, Inc., (Piggly Wiggly) brings this action to vacate an arbitration award entered in favor of Piggly Wiggly Operators' Warehouse, Independent Truck Drivers Union, Local No. 1 (Union). An Arbitrator, Lawrence Mann, Jr., determined that a truck driver, a member of defendant-Union, had been terminated in violation of the collective bargaining agreement then existing between plaintiff and defendant. Plaintiff

prays for a declaratory judgment.[1] Our jurisdiction rests upon 28 U.S.C. § 1337,[2] and venue is proper.

After considering the pleadings, motions, and memoranda in support, we rule today upon cross motions for summary judgment filed respectively on July 1, 1977, by the Union, and on July 22, 1977 by Piggly Wiggly.

On November 5, 1976, Russell E. Strickland, a truck driver, was discharged by plaintiff pursuant to Article 21(Z)[3] of the collective agreement. Article 21(Z), *supra.* He did this despite the obvious intent and clear wording of Article 24.[4] He determined that there had been no "meeting of the minds" concerning 21(Z), and that, had the Union known that the provision was placed in the contract, it would not have agreed to it or signed it.

An arbitrator's principal function is interpreting such labor agreements.

"When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency. *Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award."* (Emphasis added.) *United Steel Workers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

Here, Mann clearly exceeded the authority vested in him by the collective agreement. He was retained to interpret the instrument, not to determine its validity; consequently, he proceeded well beyond his duty and power. He had no authority to rewrite the contract.

We remand the action to the parties for further arbitration pursuant to Article 24, Step IV of the agreement, thereby denying defendant's motion for summary judgment, and granting plaintiff's cross motion.

1. "In a case of actual controversy within its jurisdiction except with respect to federal taxes, any court of the United States, upon the filing of any appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

"(a) Venue, amount, and citizenship. Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

2. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337.

3. "Any driver who becomes uninsurable by any of the company's insurance carriers will be subject to immediate discharge."

4. " * * * The arbitrator shall have no authority to change, amend, add to, subtract from, modify or amend any of the terms or provisions of this agreement. * * * "