## COSMOS BROADCASTING OF LOUISIANA, INC.

v.

## NEW ORLEANS LOCAL AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, AFL–CIO.

Civ. A. Nos. 77–2380, 77–2416.

United States District Court, E. D. Louisiana, New Orleans Division.

Aug. 16, 1978.

David E. Walker and Alvin J. Bordelon, Jr., Monroe & Lemann, New Orleans, La., for Cosmos.

Patrick M. Reily, Morrison & Reily, New Orleans, La., for AFTRA.

## OPINION

COLLINS, District Judge.

On August 27, 1976, Cosmos Broadcasting Corporation of Louisiana, Inc. ("Cosmos"), owner of WDSU–TV, fired its weatherman, Mr. Clem Gendron ("Gendron"). The American Federation of Television and Radio Artists ("AFTRA") filed a grievance on his behalf, and when efforts to effect a settlement failed, demanded binding arbitration as provided for in the Cosmos-AFTRA contract. Cosmos defended on the grounds that, in the face of a serious decline in the ratings, the termination had been for "just cause." This lawsuit is a consolidation of two actions—one brought by Cosmos to vacate part of the Arbitrator's award (C.A. 77–2380) and one brought by AFTRA to enforce the award (C.A. 77–2416).

Jurisdiction is based on 29 U.S.C. § 185(c). Venue is proper.

The district court has a narrow scope within which to review an arbitrator's award. The question in this case is whether the Arbitrator exceeded his power or awarded upon a matter not submitted to him. 9 U.S.C. §§ 10(d) and 11(b).

The issue before the Arbitrator was "whether the Company acted reasonably and for just cause in its decision to discharge the Grievant, Clem Gendron, on August 27, 1976? If not, what is the proper remedy?" Federal Mediation and Conciliation Service Case No. 77K02049, Opinion of Arbitrator F. Jay Taylor ("Opinion"), at 7. The Arbitrator found that "The Grievant was discharged for just cause under the provisions of the Collective Bargaining Agreement," thus sustaining Cosmos' position. Opinion at 23. However, the Arbitrator then went on to find Cosmos liable to Gendron for thirteen weeks pay (minus what Cosmos had already given him) as recompense for Cosmos' failure to be entirely candid with Gendron about the imminence of his firing.

An arbitrator is bound by the terms of the collective bargaining agreement.

"When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. *The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency. Nevertheless, an arbitrator*

*is confined to interpretation and application of the collective bargaining agreement;* he does not sit to dispense his own brand of industrial justice." *United Steelworkers of America v. Enterprise Wheel & Car Corporation,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) (emphasis added).

*See also Brotherhood of R. R. Trainmen, et al. v. Central of Ga. Ry. Co.,* 415 F.2d 403, 412 (5th Cir. 1969) ("On its face the award should ordinarily reveal that it finds its source in the contract . . . ."). Public policy favors the settlement of labor disputes through arbitration and conciliation. 29 U.S.C. §§ 171 et seq. Courts should be wary of substituting their judgment for that of the arbitrator's. But "[w]hen the arbitrator's words manifest an infidelity to [the collective bargaining agreement], courts have no choice but to refuse enforcement of the award." *United Steelworkers of America v. Enterprise Wheel & Car Corporation,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

The Arbitrator in this case exceeded his power by failing to adhere to the language of the collective bargaining agreement. Having made a clear finding that Cosmos had just cause to fire Gendron,* the Arbitrator was bound by the language of the contract to provide only that remedy for just cause termination that the contract specified. The drafters of the Cosmos-AFTRA contract included Sec. 29.1(a) which states: "Upon termination for just cause . . . the company will provide four (4) weeks' written notice or two (2) weeks' termination pay." Cosmos had satisfied this provision in September 1976 when it terminated Gendron with six weeks severance pay. Opinion at 10.

An arbitrator "ha[s] no authority to rewrite the contract." *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Op-*

erators' *Warehouse, Independent Truck Drivers Union, Local No. 1,* 434 F.Supp. 83, 84 (W.D.La.1977). Cosmos and AFTRA have renegotiated their contract in order to prevent a recurrence of the Gendron incident. But the clause that now provides for additional benefits (the "unsuitability" clause) was not in effect when Gendron was fired and had no place in the Arbitrator's consideration.** Even if the unsuitability clause had been in effect, though, the Arbitrator's explicit finding that Gendron was fired for "just cause" meant that the Arbitrator was bound to refer only to that clause to determine Cosmos' liability, if any.

Motion for summary judgment by Cosmos is granted. That portion of the Arbitrator's award giving severance pay to a justifiably discharged employee beyond that mandated by the contract is hereby vacated. Motion by AFTRA is denied.

So ordered.

---

* The language of the Award is not the only place in the Opinion that makes clear that the Opinion was based on a determination of what constituted just cause termination within the broadcast industry. See Opinion at 7, 8, 11, 17 and 19–20.

** AFTRA's argument that the Arbitrator was attempting to hold that Gendron had been dis-

missed under the unsuitability clause is hollow. The Arbitrator found that "The unsuitability provision is not controlling in the instant case, however, because it did not become effective until October 1, 1976—several weeks after Mr. Gendron was dismissed." Opinion at 18. AFTRA conceded during oral argument before this court that the statement was accurate.